# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY ELAINE KERSTEN,<br><br>                   Plaintiff,<br>   vs.<br><br>HARRAH'S CASINO-VALLEY CENTER, HARRAH'S ENTERTAINMENT, INC., and DOES 1-50, INCLUSIVE,<br><br>                   Defendants. | CASE NO. 07cv0103 BTM(JMA)<br><br>**ORDER REMANDING CASE FOR LACK OF REMOVAL JURISDICTION** |

In an order filed on January 22, 2007, the Court ordered specially-appearing Defendants to show cause why this case should not be remanded for lack of subject matter jurisdiction. Plaintiff and Defendants filed papers in response to the OSC. For the reasons discussed below, this action is **REMANDED** for lack of removal jurisdiction.

## I. BACKGROUND

Plaintiff filed this action in the Superior Court of the State of California, County of San Diego, North County Division. This action arises out of a slip-and-fall injury Plaintiff sustained when she visited Harrah's Casino. Plaintiff claims that the floor was inherently slick, that the floor was wet from being mopped, and that Defendants failed to post warnings regarding the wet floor. (Compl. ¶¶ 10-12.) Plaintiff asserts claims of negligence, negligent training, negligent supervision, and premises liability.

On January 16, 2007, Defendants removed this action to this Court. Defendants contend that the Court has federal question jurisdiction over the case pursuant to 28 U.S.C. § 1441(b), in that Plaintiff's claims are completely preempted by the Indian Gaming

Regulatory Act, 25 U.S.C. § 2701, et seq. ("IGRA").

## II. DISCUSSION

Under 28 U.S.C. § 1441(b), "Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." There is a strong presumption against removal jurisdiction, and the defendant always has the burden of establishing that removal is proper. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In determining whether federal question jurisdiction exists, courts apply the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987). A case may not be removed to federal court on the basis of the defense of preemption even if the defense is anticipated in the plaintiff's complaint. Id.

The complete preemption doctrine is an independent corollary to the well-pleaded complaint rule. Caterpillar, 482 U.S. at 393. Under the complete preemption doctrine, "[o]nce an area of state law has been completely preempted, any claim purportedly based on that preempted state law is considered, from its inception, a federal claim, and therefore arises under federal law." Id. Compete preemption arises only in "extraordinary situations" and occurs "only when Congress intends not merely to preempt a certain amount of state law, but also intends to transfer jurisdiction of the subject matter from state to federal court." Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183 (9th Cir. 2002).

Defendants contend that the IGRA completely preempts Plaintiff's state claims. However, in Cabazon Band of Mission Indians v. Wilson, 37 F.3d 430 (9th Cir. 1994), in determining whether the IGRA preempted the state of California from collecting license fees based on wagers at Indian facilities, the Ninth Circuit did not find that the IGRA completely preempted the state's licensing scheme, but, rather, applied a preemption balancing test.

1  See also Confederated Tribes of Siletz Indians of Oregon v. Oregon, 143 F.3d 481, 486 n.
2  7 (9th Cir. 1998) ("[T]his court has previously applied a preemption balancing test to IGRA.").
3       Even if the Ninth Circuit were to conclude that the doctrine of complete preemption
4  is applicable to the IGRA, Plaintiff's state law claims would not fall within the preemptive
5  scope of the IGRA.  Congress passed the IGRA "to provide a statutory basis for the
6  operation and regulation of gaming by Indian tribes." Seminole Tribe of Florida v. Florida,
7  517 U.S. 44, 48 (1996).  Under the statute, "Indian tribes have the exclusive right to regulate
8  gaming activity on Indian lands if the gaming activity is not specifically prohibited by Federal
9  law and is conducted within a State which does not, as a matter of criminal law and public
10 policy, prohibit such gaming activity." 25 U.S.C. § 2701(5).  The IGRA divides gaming into
11 three classes.  Class I gaming is beyond the reach of both federal and state regulation.  25
12 U.S.C. § 2701(a)(1).  States may influence Class II gaming only if they prohibit those games
13 for everyone under all circumstances.  25 U.S.C. § 2710(b)(1)(A).  Class III gaming, which
14 includes slot machines and casino games, may be conducted on Indian lands if (1)
15 authorized by the tribe seeking to conduct the gaming; (2) located in a state which does not
16 bar such gaming; and (3) conducted in conformance with a Tribal-State compact entered into
17 by the Indian tribe and the State . . . ." 25 U.S.C. § 2710(d).
18      The legislative history of the IGRA includes a Senate committee report that states:
19 "S. 555 is intended to expressly preempt the field in the governance of gaming activities on
20 Indian lands.  Consequently, Federal courts should not balance competing Federal, State,
21 and tribal interests to determine the extent to which various gaming activities are allowed."
22 S. Rep. No. 446, 100th Cong., 2d Sess. 6 (1988), reprinted in 1988 U.S.C.C.A.N. 3071,
23 3076.
24      Based on the language of the IGRA and its legislative history, the Eighth Circuit has
25 held that the IGRA "has the requisite extraordinary preemptive force necessary to satisfy the
26 complete preemption exception to the well-pleaded complaint rule." Gaming Corp. of
27 America v. Dorsey & Whitney, 88 F.3d 536, 547 (8th Cir. 1996).  However, the scope of the
28 IGRA's complete preemption is limited to "[a]ny claim which would directly affect or interfere

with a tribe's ability to conduct its own [gaming] licensing process . . . ." Id. at 549.

State law claims that do not potentially infringe on a tribe's governance of gaming are not subject to complete preemption. Casino Resource Corp. v. Harrah's Entm't, Inc., 243 F.3d 435 (8th Cir. 2001). See also Confederated Tribes, 143 F.3d at 486 n. 7 (rejecting Tribe's complete preemption argument in part because the state law in question had "no effect on the determination 'of which gaming activities are allowed.'"); County of Madera v. Picayune Rancheria of the Chukchansi Indians, __ F. Supp. 2d __, 2006 WL 3734181 (E.D. Cal. 2006) (holding that even if the Ninth Circuit agreed with the Eighth Circuit's IGRA complete preemption analysis, the County's nuisance abatement claim against the Tribe, which was attempting to construct a hotel and spa for use by casino patrons, was not completely preempted because it did not interfere with the Tribe's governance of gaming activities or interfere with the Tribe's decisions as to which gaming activities are allowed.).

In this action, Plaintiff seeks monetary damages against the Harrah's Defendants for her slip-and-fall injuries. Although Plaintiff's claim may touch upon tribal interests, they do not in any way affect or interfere with the Rincon Tribe's governance of gaming activities. Therefore, Plaintiff's claims are not completely preempted by the IGRA.

Because Defendants have failed to meet their burden of establishing the existence of federal question jurisdiction, the Court remands this action to state court.

### III. CONCLUSION

For the reasons discussed above, this action is **REMANDED** to the Superior Court of the State of California, County of San Diego, North County Division. The hearing on Defendants' motion to dismiss is **VACATED**.

**IT IS SO ORDERED.**

DATED: February 27, 2007

Hon. Barry Ted Moskowitz
United States District Judge